**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LYDIA H. CRAYTON and ANDRAE CRAYTON,

        Plaintiffs,

v.                               Case No:  6:19-cv-1201-Orl-40TBS

U.S. BANK NATIONAL ASSOCIATION,

        Defendant.
_____/

## ORDER TO SHOW CAUSE

This cause comes before the Court upon *sua sponte* review of the file. Upon review, Plaintiffs fail to establish the Court possesses subject matter jurisdiction over this matter. Plaintiffs are hereby **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.

### I.  BACKGROUND

On July 1, 2019, *pro se* Plaintiffs Lydia H. Crayton and Andrae Crayton initiated this action with the filing of the Complaint and Emergency *Ex-Parte* Motion for Temporary Restraining Order. (Docs. 1, 2). The Complaint stems from the foreclosure of Plaintiffs' property, which Plaintiffs allege was facilitated by "fraudulent documents, created by a fake Plaintiff and quickly accepted by th[e] court, in order to unlawfully steal the Consumer's private abode, for the bank." (Doc. 1). In support, Plaintiffs claim that two purported assignments executed by financial institutions are invalid and point to numerous instances of alleged "fraud on the court." (*Id.*).

The Complaint seeks to bring seven claims against Defendant U.S. Bank N.A. and one hundred John Doe Defendants: (i) "Lack of Standing/Wrongful Foreclosure"; (ii) fraud in the concealment; (iii) breach of contract; (iv) breach of fiduciary duty; (v) quiet title; (vi) slander of title; and (vii) declaratory relief. (*Id.*). Now, Plaintiffs seek an emergency TRO to stop the state court foreclosure action against their home. (Doc. 2).

## II. DISCUSSION

Before any federal court contemplates giving legal or equitable relief, it must be sure of its jurisdiction. It is axiomatic that federal courts are courts of limited jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). District courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). To exercise jurisdiction over an action, there must exist a basis for jurisdiction. "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for 'federal-question' jurisdiction, § 1332 for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). To properly invoke federal question jurisdiction, the plaintiff must plead "a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)). To properly invoke diversity of citizenship jurisdiction, the plaintiff must plead that the parties are completely diverse and the amount in controversy exceeds the jurisdictional minimum, now $75,000. *Id.*

The Court has a duty to liberally construe a *pro se* plaintiff's filings and to afford greater leeway in alleging a claim for relief than what is given to licensed

attorneys. *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (per curiam).[1] Nevertheless, "a *pro se* party must follow the rules of procedure and evidence, and the district court has no duty to act as [a *pro se* party's] lawyer." *Id.* at 610 (internal quotation marks omitted). Moreover, the Court may not "rewrite an otherwise deficient pleading in order to sustain an action" for a *pro se* party. *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

First, Plaintiffs have not established that this Court has subject matter jurisdiction over this matter. The Complaint fails to plead the Plaintiffs' citizenship or the citizenship of U.S. Bank or the John Doe Defendants to support diversity jurisdiction over the state law claims. Likewise, the Complaint does not state a colorable federal claim to support federal question jurisdiction. Plaintiffs' passing references to the Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, and Consumer Financial Protection Act are insufficient to permit this Court to discern a viable federal claim.

Second, Plaintiffs seek injunctive relief barred by the Anti-Injunction Act. As noted above, Plaintiffs request this Court enjoin the foreclosure action currently playing out in state court. But the Anti-Injunction Act proscribes federal court intervention in state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of the exceptions apply in this case: no Act of Congress permits the relief Plaintiffs request

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

and enjoining the state court proceedings would neither aid this Court's jurisdiction or protect a federal judgment. *See Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 678 (11th Cir. 2014) (per curiam) (affirming district court's denial of injunction against foreclosure of plaintiffs' residences because none of the exceptions to the Anti–Injunction Act applied).

Simply put, Plaintiffs have come to the wrong place. They bring claims beyond this Court's jurisdiction and seek federal injunctive relief against state proceedings explicitly banned by the Anti-Injunction Act. Before dismissing, though, the Court will give Plaintiffs an opportunity to address the concerns noted above.

### III. CONCLUSION

Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE** in writing on or before Tuesday, July 16, 2019, why this case should not be dismissed for lack of jurisdiction. Plaintiffs' response shall not exceed fifteen written pages.

**DONE AND ORDERED** in Orlando, Florida on July 3, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties