2019 AUG 27  PM 3:03

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LYDIA H. CRAYTON,

ANDRAE CRAYTON,

Plaintiffs,

vs.

US BANK NATIONAL ASSOCIATION,
(As Trustee for Residential Funding
Mortgage Securities I, Inc, Mortgage
Pass-Through Certificates
Series 2007-SA2);

PFG LOANS, INC;

PROVIDENT FUNDING
ASSOCIATES, L.P.

KIM DOYEL (In Her Individual and
Official Capacities, As Employee of
Provident Funding Associates, L.P.);

DEREK ADAMS (In His Individual and
Official Capacities, As Employee of
Provident Funding Associates, L.P.),

S. CONTRERAS (In her individual and
Official Capacities as a Notary Public of
the State of California);

KAITLYN E. ARNOLD, (In her individual
and Official Capacities as a Notary Public
of the State of Illinois),

Defendants

Case No.  6:19-cv-01201-PGB-EJK

_____/

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW, Plaintiffs Lydia H. Crayton and Andrae Crayton ("Plaintiffs" or "The

Craytons"), who, pursuant to Fed.R.Civ.P. Rule 15(B), and Local Rule 40.1, respectfully

file *Plaintiffs' First Amended Complaint*, and has added Defendants PFG Loans, Inc;

Provident Funding Associates, LP, Kim Doyel (In Her Individual and Official Capacities,

As Employee of Provident Funding Associates, L.P); Derek Adams, (In His Individual and

Official Capacities, As Employee of Provident Funding Associates, L.P); S. Contreras (In

her individual and Official Capacities as a Notary Public of the State of California); Kaitlyn

E. Arnold (In her individual and Official Capacities as a Notary Public of the State of

Illinois). Summons for the additional defendants are being filed contemporaneously

herewith, and defendants will be served as soon as possible so as to not delay any longer

than necessary.

I.                                    THE PARTIES

1.      Plaintiffs, during all times relevant, owned and lived at 706 Gentry Court, Gotha,

FL 34734.

2.      **Defendant US Bank National Association (As Trustee for Residential**
**Funding Mortgage Securities I, Inc, Mortgage Pass-Through Certificates**
**Series 2007-SA2)** ("US Bank"), during all times relevant has been a Foreign Banking

entity, with their principal place of business located at **800 Nicollet Mall, Minneapolis,**
**MN 55403. US Bank has already been served with process in this case**.

3.      **Defendant PFG Loans, Inc.,** ("PFGL"), during all times relevant, has been a

Foreign Profit Corporation, with their principal place of business being located at **700**
**Airport Blvd., Suite 430, Burlingame, CA 94010**. Service of Process will be perfected

upon PFGL, through service of summons and complaint upon their Registered Agent:

2

**Corporation Service Company, 1201 Hays Street, Tallahassee, FL   32301-2525, in Leon County**.

4.      **Defendant Provident Funding Associates, L.P.** ("PFA") during all times relevant, has been a Foreign Limited Partnership, organized and existing under the laws of CA, with their principal place of business, which according to sunbiz.org, changed in 2018, is located at:  **700 Airport Blvd., Suite 430, Burlingame, CA  94010**. Service of Process will be perfected upon PFA, through service of Summons and Complaint upon their Registered Agent: **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525, in Leon County.**

5.      **Defendant Kim Doyel (In Her Official and Individual Capacities, as Employee of Provident Funding Associates, L.P.)**, ("Doyel") during all times relevant had allegedly been a Vice President of Mortgage Electronic Registration Systems, Inc., who was allegedly nominee for PFG Loans, Inc, allegedly d/b/a Provident Funding Group, Inc., as well as actually being Compliance Manager at Provident Funding Associates, LP in Happy Valley, Oregon.  From the information that Plaintiffs have been able to obtain, Doyel was, but is no longer employed by Provident Funding Associates.  Defendant is subject to Florida Long Arm Statute, Service of Process will be perfected upon defendant by serving Summons and Complaint upon her at her residence,  **Kimberley Margaret Doyel, 7557 SW Crisp Dr., Beverton, OR 97007**.

6.      **Defendant Derek Adams (In His Individual and Official Capacities, As Employee of Provident Funding Associates, L.P)** ("Adams"), during all times relevant has been employed by Defendant Provident Funding Associates, LP.   From the

3

information that Plaintiffs have been able to obtain, Adams is still employed at the Chicago Illinois office. Defendant is subject to Florida Long Arm Statute, Service of Process will be perfected upon defendant by serving Summons and Complaint upon him at **Provident Funding Associates, 150 N. Martingale Rd., #850, Schaumburg, IL 60173.**

7.     **Defendant S. Contreras (In her individual and Official Capacities as a Notary Public of the State of California)**, ("Contreras"), during all times relevant, has been/was a Notary Public in the State of California. Defendant is subject to Florida Long Arm Statute, Service of Process will be perfected upon defendant by serving Summons and Complaint upon her at:     **Stephanie Michelle Contreras, Provident Funding Associates, 18423 3rd Ave., Sanoma, CA 95746**

8.     **Defendant Kaitlyn E. Arnold (In her individual and Official Capacities as a Notary Public of the State of Illinois)** ("Arnold"), during all times relevant, has been a Notary Public in the State of Illinois. Defendant is subject to Florida Long Arm Statute, Service of Process will be perfected upon defendant by serving Summons and Complaint upon her at **473 Lexington Rd., New Lenox IL 60451**.

II.                    JURISDICTION AND VENUE

9.     This Court has Diversity Jurisdiction pursuant to § 1332, because all defendants are completely diverse from Plaintiff (See ¶¶ 1-6 above).

> 28 U.S.C.A. § 1332   Diversity of citizenship; amount in controversy; costs.
>
> a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
>
> (1) citizens of different States; (28 U.S.C.A. § 1332 (West)).

4

10.    This Court has jurisdiction because the "amount in controversy"    exceeds

$75,000.00.  Plaintiffs are seeking Two Million Dollars ($2,000,000.00):

> (b) Except when express provision therefor is otherwise made in a statute
> of the United States, where the plaintiff who files the case originally in the
> Federal courts is finally adjudged to be entitled to recover less than the
> sum or value of $75,000, computed without regard to any setoff or
> counterclaim to which the defendant may be adjudged to be entitled, and
> exclusive of interest and costs, the district court may deny costs to the
> plaintiff and, in addition, may impose costs on the plaintiff.

28 U.S.C.A. § 1332 (West).

11.    This Court further has Supplemental Jurisdiction, pursuant to § 1367.

Supplemental jurisdiction:

> (a) Except as provided in subsections (b) and (c) or as expressly provided
> otherwise by Federal statute, in any civil action of which the district courts
> have original jurisdiction, the district courts shall have supplemental
> jurisdiction over all other claims that are so related to claims in the action
> within such original jurisdiction that they form part of the same case or
> controversy under Article III of the United States Constitution. Such
> supplemental jurisdiction shall include claims that involve the joinder or
> intervention of additional parties

28 U.S.C.A. § 1367 (West).

12.    Venue is proper in this Court, under the long arm statute, and because this Court

covers the vicinity in which the actions complained of herein took place.

### III.    STATEMENT OF FACTS PERTINENT TO ALL CLAIMS FOR RELIEF

13.    The allegations within this Complaint, are brought from information learned from

the following sources:

>    (1)     A title report and analysis;
>    (2)     Direct and written communications with defendants;
>    (3)     News articles, research, reports;

5

,

    (4)     Complaints filed with Attorneys General from numerous states;

    (5)     Publicly available securitization documents, and

    (6)     Professional review of all documents in the Official Records by a qualified licensed professional

14.    On or around 11/20/2006, Plaintiffs refinanced the property located at 706 Gentry Court, Gotha, FL  34734, in Orange County, and more thoroughly described as:

> Lot 37, WINDERMERE CHASE PHASE 2, according to the plat thereof as recorded in Plat Book 42, Pages  106 through 108, inclusive, of the Public Records of Orange County, Florida.".

15.    Lydia H. Crayton obtained a loan refinance ("refi") on November 20, 2006, in her name, by signing a Promissory Note in favor of PFGL. d/b/a Provident Funding Group, Inc. (now "PFA") in the amount of Four Hundred Seventy Five Thousand Two Hundred and 00/100 Dollars (U.S. $475,200.00).

16.    A Mortgage ("Mtg") was signed at closing as well, in which Mortgage Electronic Registration Systems, Inc ("MERS"); when Plaintiffs inquired about who or what MERS is, they were told that there was nothing to worry about that it is a computer system created to keep up with Lenders' loans *"EXHIBIT 0"*.

17.    MERS, a computer system, a computer program, was allegedly named as nominee for the Lender, and as mortgagee under the Mtg.

18.    The DOT was recorded into the Orange County Florida Records on **May 09, 2007**, six months after the loan closing on **November 20, 2006**.

19.    The Note was allegedly sold, transferred, assigned, and allegedly securitized into the RFMSI Series 2007-SA2 Trust, which had a closing date of **March 29, 2007**.

20.     **May 05, 2010**, an Assignment of Mortgage was recorded into the Orange County Florida Records; the Assignment of Mortgage, presented by the infamous **David J. Stern, Esq**, *"EXHIBIT 1"*[1] alleged that MERS "as nominee for PFG Loans, Inc. D/B/A of Provident Funding Group, Inc. Residing or located at C/O Provident Funding Associates, LP, Loan Counseling Dept., P. O. Box 5914, Santa Rosa, CA 95402…in consideration of the sum of $1.00 Dollar…does hereby grant, bargain, sell, assign, transfer, and set over unto PFG Loans, Inc.,…**together with the note and each and every other obligation described in said mortgage and the money due and to become due thereon. Signed by "Vice President" of MERS as nominee for PFGL, By Kimberly Doyel, and notarized by S. Contreras** . *"EXHIBIT 2".*

21.     S. Contreras, a Notary Public in **California**, notarized a document, signing as D.C.[2] that purportedly assigned a document signed by Kimberly Doyel in **Oregon**, for property in **FL** claiming that Doyel acknowledged to the notary that she is Vice President of MERS, and **David J. Stern** the foreclosure king in **Florida**, prepared the document, which "for and in consideration of the sum of $1.00 and other good and valuable consideration" "does hereby grant, bargain, sell, assign, transfer, and set over…the mortgage …together with the note and every other obligation described in said mortgage and the money due and to become due thereon, as of the **5th day of march, 2009**". "In Witness Whereof, the said Assignor has hereunto set his hand and seal or caused these presents to be signed

---

[1] Exhibit 1 is David Stern info.
[2] The signature does not match other signatures by the same alleged notary.  Plaintiffs are attempting to get the pages from the journal kept by the notary.  As soon as the pages are received, Plaintiffs will submit to the Court.

by the proper corporate officers and its corporate seal to be hereto affixed as of the **25th**

**day of March, 2010.**

22.     Nowhere does the document state the amount of the loan, there is a lack of an

oath using the words "sworn", there is nothing to indicate that the signers personally

appeared before the notary at the of the notarization, and the assignment was not signed

under oath.

23.     Kimberly Doyel, according to what she has posted on LinkedIn [Ex.2,pp.2-3], was

Compliance Manager at Provident Funding Associates, LP, which position she had held

from July 2014 through recent times.

24.     Prior to that position, Doyel held the following positions at Provident Funding

Associates, LP:

> 05/2003 – 03/2004:  Loss Mitigation Specialist;
> 03/2004 – 06/2011:  Customer Service Lead/Collections Supervisor
> 06/2011 – 05/2012:  Office Manager;
> 06/2011 – 07/2014:  Compliance Manager
> 07/2014 to ?: Compliance Manager at Provident Funding Associates, LP

25.     One would have to be curious as to how Doyel was Vice President of MERS, when

in reality she was employed as Compliance Manager at Provident Funding Associates,

LP ("PFA") in Happy Valley, Oregon.

26.     That means that MERS, a computer, was pretending to be nominee and

mortgagee for PFGL, who, assigned to themselves, the DOT and Note, for $1.00 One

Dollar, and Kimberly Doyel pretending to be VP of MERS and D/B/A Provident Funding

Group, Inc., when in truth and fact Doyel was Compliance Manager at Provident Funding Associates, LP, and never employed as VP of MERS, or employed by PFGL.

27.    Having been prepared by David J Stern, at the time an attorney in Florida, had actual knowledge of the requirements for Florida Notaries, would have had to include the section for the Notary to be filled out properly.

28.    The Notary S. Contreras, was negligent in that Exhibit 2 lacked of being sworn or acknowledged § 117.05(4)(b) requires that the "type of notarial act performed, an oath or acknowledgment, evidenced by the words 'sworn' or 'acknowledged'".

29.    There is nothing to indicate that the signers of Exhibit 2 "personally appeared before the notary public at the time of the notarization". (§117.05(4)(c)).

30.    The Notary was negligent in that Exhibit 2 failed to show the "type of identification the notary public is relying upon...either based on personal knowledge or satisfactory evidence specified in subsection (5)" (§117.05(4)(f)).

31.    California Notary laws are very strict, it is hard to believe that the Notary in CA would be allowed to use initials different than what is shown on the Notary's seal.

32.    Cal.Civ.Code § 1189(c) is the laws for CA Notaries for documents that are to be recorded out of state which states:

> "(c) On documents to be filed in another state or jurisdiction of the United States, a California notary public may complete any acknowledgment form as may be required in that other state or jurisdiction on a document, provided the form does not require the notary to determine or certify that the signer holds a particular representative capacity or to make other determinations and certifications not allowed by California law".

Cal. Civ. Code § 1189 (West).

33.    The assignment shows that the Notary, in violation of CA Notary Laws, determined that Doyel was Vice President of MERS.

34.    The next Assignment was recorded on **December 09, 2016**, purporting to assign to US Bank, N.A. as Trustee for Residential Funding Mortgage Securities I, Inc; signed by Derek Adams as Assistant Vice President of PFGL Loans, Inc. d/b/a Provident Funding Group, Inc; to Sponsor Residential Funding Company, LLC, to Depositor Residential Funding Mortgage Securities I, Inc., into the RFMSI Series 2007-SA2 Trust.

35.    The second assignment was allegedly executed on **December 08, 2016**, nine (9) years after the loan had allegedly sold into the Trust, which cannot happen.

36.    Further, the Assignment was signed by Derek Adams, as Assistant VP of Assignor: PFGL Loans, Inc., yet with no evidence of verified proof of funds, a note endorsement, a bill of sale, a declaration of value, or transfer taxes having been paid to Orange County, Florida, in support of the alleged consideration "for value received" for Plaintiffs' $475,200.00 Security Instrument.

37.    Derek Adams, signed the alleged Assignment D/B/A Provident Funding Group, Inc; which also was not true; according to LinkedIn **EXHIBIT 3**, Derek Adams has himself listed as having been Default Manager at Provident Funding Associates, Inc. from March 2015 until present, and located in Chicago, Illinois [Ex.3,p.5].

38.    Prior to that time, Derek Adam, had been **Relationship Manager** for Provident Funding Associates, LP from May 2011, until March 2015; prior to that, from November 2010 to May 2011, he was **Servicing Analyst** at Provident Funding Associates, LP, Servicing Analyst, located in California.

39.    The above ¶¶ 37-38 were taken from the Audit Plaintiffs paid for;  Adams since that time, in fact in the month of August, 2019 updated LinkedIn [Ex.3, pp.5-6].

40.    The updated LinkedIn shows that Adams has been Sr. Vice President of Default Servicing for Provident Funding Associates beginning March 2015 and to present, for 4 years, 5 months which would be 08/2019; and at the same time, Sr. Vice President of Business Development at LenderVend Appraisal Zone[3] April 2019 – Present -  4 months which would also be August 2019 [Ex.3,p.7].

41.    December 08, 2016, an Acknowledgment was Notarized by **Katlyn E Arnold**, who swore that Derek Adams was Assistant Vice President and had appeared before her to acknowledge his signature on the Assignment. [Ex.3,p.3]

42.    There is also an Affidavit by Karen Corkins, as Vice President of PFGL, with no date on the Affidavit, but with an acknowledgment showing May 30, 2013, allegedly notarized by S. Contreras, *EXHIBIT 5* with an obviously forged[4] signature of "D C" in violation of CA notary laws and the notary laws of FL.

43.    The "D C" for S. Contreras shown in Exhibit 2 and the "D C" in Exhibit 5, look nothing alike, both of them are most likely forgeries, as if initials were allowed, and notaries were not required to sign exactly as shown on the Notary Seals, the initials would be S C, not D C.

---

[3] Adams shows that "LenderVend Appraisal Zone is a leading National AMC, providing Provident Funding and other industry lenders superior quality, speed and service".

[4] It is hard to know which "D C" is forged either the one on page 1 Ex.2, or the one in Ex. 5, p.6. Either way, one of the two are a forgery.

44.    These defendants, knowingly, willingly, wantonly, maliciously, and with evil intent

to harm Plaintiffs, and to deprive them of their property, caused to be recorded into the

Official Real Property Records of Orange County Florida, false, fictional, forged, and

manipulated documents.

45.    According to F.S.A. §817.535:

817.535. Unlawful filing of false documents or records against real or personal property

> (1) As used in this section, the term:
>
> (a) "File" means **to present an instrument for recording in an official record or to cause an instrument to be presented for recording in an official record**.
>
> (b) "Filer" means the **person who presents** an instrument **for recording in an official record or causes an instrument to be presented for recording in an official record**.
>
> (c) "Instrument" means any judgment, **mortgage, assignment**, pledge, **lien**, **financing statement, encumbrance, deed**, lease, bill of sale, agreement, **mortgage**, notice of claim of lien, notice of levy, promissory note, **mortgage note**, release, partial release or satisfaction of any of the foregoing, **or any other document that relates to or attempts to restrict the ownership, transfer, or encumbrance of or claim against real or personal property, or any interest in real or personal property**.
>
> (d) "Official record" means the **series of instruments, regardless of how they are maintained, which a clerk of the circuit court, or any person or entity designated by general law, special law, or county charter, is required or authorized by law to record**. The term also includes a series of instruments **pertaining to the Uniform Commercial Code filed with the Secretary of State or with any entity under contract with the Secretary of State to maintain Uniform Commercial Code records and a database of judgment liens maintained by the Secretary of State.**
>
> (2)(a) A **person who files or directs a filer to file**, with the **intent to defraud or harass another, any instrument containing a materially false, fictitious, or fraudulent statement or representation that purports to affect an owner's interest in the property described in the instrument commits a felony of the third degree**, punishable as provided in §775.082, §775.083, or §775.084.

(b) **A person who violates paragraph (a) a second or subsequent time commits a felony of the second degree**, punishable as provided in §75.082, §775.083, or §775.084.

(b) In the case of a felony of the second degree, to a felony of the first degree, punishable as provided in §775.082, §775.083, or §775.084.

(8)(a) **Any person adversely affected by an instrument filed in the official record which contains a materially false, fictitious, or fraudulent statement or representation has a civil cause of action under this section without regard to whether criminal charges are pursued** under subsection (2). **A notice of lis pendens in accord with §48.23 shall be filed which specifically describes the instrument under challenge and the real or personal property affected by the instrument.**[5]

(b) Upon a finding that the instrument contains a materially false, fictitious, or fraudulent statement or representation such that the instrument does not establish a legitimate property or lien interest in favor of another person:

1. **The court shall determine whether the entire instrument or certain parts thereof are null and void ab initio**. If the court finds the instrument **void in its entirety, it may order the instrument sealed from the official record and removed from any electronic database** used for indexing or locating instruments in the official record. The court **may also, permanently** or for a period of time, **enjoin the defendant who filed the instrument or who directed the filer to file** the instrument from filing or directing a person to file an instrument in the official records without prior review and approval for filing by a circuit or county court judge, provided that as to third parties who may have given value for an interest described or granted by any instrument filed in violation of the injunction, the instrument shall be deemed validly filed and provides constructive notice, notwithstanding any failure to comply with the terms of the injunction.

2. **Upon a finding of intent to defraud or harass**, the court or jury shall **award actual damages and punitive damages**, subject to the criteria in §768.72, to the person adversely affected by the instrument. The court may also levy a civil penalty of $2,500 for each instrument determined to be in violation of subsection (2).

---

[5] Plaintiffs have recorded and filed a Notice of Lis Pendens in accord with §48.23 as *EXHIBIT 9*

3. The **court may grant such other relief or remedy** that the court determines is just and proper within its sound judicial discretion.

(c) The prevailing party in such a suit is **entitled to recover costs and reasonable attorney fees**.

(d) The custodian of any official record shall, upon payment of appropriate fees, provide a certified copy of the sealed instrument to the party seeking relief under this section for use in subsequent court proceedings; in addressing or correcting adverse effects upon the person's credit or property rights, or reporting the matter for investigation and prosecution; or in response to a subpoena seeking the instrument for criminal investigative or prosecution purposes.

(e) Upon request, the custodian of any official record shall, upon payment of appropriate fees, provide a certified copy of the sealed instrument to any federal, state, or local law enforcement agency.

(f) If feasible, the custodian of the official record where the instrument is recorded **shall record any court order finding that the instrument is null and void in its entirety or in certain parts thereof.**

(g) An instrument removed from an electronic database used for recording instruments in the public record pursuant to this section shall be maintained in a manner in which the instrument can be reduced to paper form.

Fla. Stat. Ann. § 817.535 (West)

46.     The Verified Foreclosure Complaint was created by the infamous David J Stern

Esq (disbarred); Further, the Notarization date on the Verification, shows that the event

took place on **12/22/2015**, yet the document did not exist until **2016**.

47.     One would have to wonder, if Plaintiffs had, in fact, defaulted when US Bank

claimed they did, then what was the reason for delay in foreclosing upon them?

48.     According to US Bank's Website and brochure ***EXHIBIT 6***, on the first page Exhibit

6, states:

Distinct Party Roles:

Parties involved in a MBS transaction include the borrower, the originator, the servicer, and the trustee, each with their own distinct roles, responsibilities, and limitations.

Page 2 states:

U.S. Bank as Trustee:

Does not initiate, nor has any discretion or authority in the foreclosure process

Does not manage or maintain properties in foreclosure

Is not responsible for the approval of any loan modifications

What is a Mortgage Backed Security?

Residential …I property mortgages often are used to create Mortgage Backed Securities (MBS) … Mortgage backed securities …represent an ownership in a group of mortgage loans, …referred to as pools, and their corresponding cash flows. Mortgage loans are purchased from banks, mortgage companies, and other originators…assembled into pools by a governmental, quasi-governmental, or private entity…deposited into trusts which issue securities entitling the investors to all principal and interest payments made …This process is known as securitization.

MBS securities are brought to market by the owner … referred to as the sponsor,… the transaction is structured…sold by investment bankers. A sponsor may be the originator …or…aggregator who both originates and purchases mortgage loans…When a pool of… has been aggregated, the sponsor will engage the appropriate parties to structure, sell and administer the mortgage loans and trust on an ongoing basis.

Who initiates and Manages a Foreclosure?

U.S. Bank, as trustee for thousands of securitization transactions involving many millions of mortgages, is often mentioned …about foreclosures…trustees are listed on mortgages, and…legal documents …as the owner of record, its interest is solely for the benefit of investors. The trustee does not have an economic or beneficial interest in the loans …no authority to manage or… take action…which is…for the servicer.

As noted, the trustee does not play a role in initiating or managing a foreclosure…has little, if any, information relating to …activities including

15

a foreclosure.  Depending on the particular trust and pool, the trustee may have very limited information on either the borrower or the property.

The servicer,…selected by the Sponsor…may have to foreclose on a property if a borrower…does not make payments…. Any action taken by the servicer must maximize the return on the investment made by the "beneficial owners of the trust" -- the investors.

On page 3:

Servicer vs Trustee Responsibilities

Appointed by the sponsor, the Servicer is the contractual party to the trust for the benefit of investors, and performs the following responsibilities:

• Collects payments from the borrower/mortgagee

• Maintains loan level detail

• Pays property taxes and insurance (if applicable)

• Calls a default for non-payment

• Forecloses on the mortgage and maintains the related property

• Modifies mortgage terms within limitations outlined by the provisions of the Pooling and Servicing Agreement relevant to a particular MBS transaction

• Maintains the physical property to comply with local housing codes

On the last page, it shows the Parties to a Mortgage Backed Securities Transaction, beginning with the Borrower.

49.    Moreover, most Trusts are governed by either New York Trust Laws, Delaware Trust Laws, or both.  Once the loans are securitized, they become certificates (stocks) to be bought and sold to a trust or on the stock market, and must be registered and filed with the US  Securities and Exchange Commission ("SEC").

16

50.    Plaintiffs allege Notary fraud, forgery, falsification of Orange County Florida Records, an irreparable break in the chain of title, and other issues that should have alerted that US Bank was not the real party in interest.

51.    Instead, US Bank, using  falsified documents, and perjury submitted by their attorney, who had actual knowledge of the true facts, convinced the FL Courts otherwise.

52.    The attorney went along with, and possibly helped to falsify and record the documents, or to have the falsified real property documents, into the real property records, with the intent of depriving Plaintiffs of their real property.

53.    The attorney's involvement, results in a fraud upon the Court.

54.    These crimes, together with the crimes against the Plaintiffs and the foreclosure court, in order to steal property, amount to extrinsic fraud/fraud upon the State Court in order to obtain a ruling in favor of US Bank.

55.    A claim for Fraud upon the Court can be brought by any person, at any time.


<u>FIRST CLAIM FOR RELIEF</u>
<u>CONSPIRACY TO VIOLATE and VIOLATIONS OF F.S.A. §§ 817.535, 817.54</u>
<u>(Against All Defendants)</u>

56.    Plaintiffs incorporate F.S.A. §817.535, ¶ 33, from above, is if fully restated herein.

57.    Plaintiffs, after research, investigation, and a paid for audit by professional, Plaintiffs allege defendants conspired to violate, and violated F.S.A. §§ 817.535,  and 817.54.

58.    The audit did not locate Plaintiffs' loan in the Trust.

59.    More specifically, Plaintiffs allege that defendants Doyel and Adams knowingly, willingly, wantonly, and with malicious intent, misrepresented their titles as Vice Presidents when they signed Exhibits 2 and 3, with the knowledge that Exhibits 2 and 3 would be filed into the public records.

60.    Plaintiff further alleges that defendant notaries Contreras and Arnold had actual knowledge that Doyel and Adams had misrepresented their titles as Vice Presidents, when they signed, the Assignments and Contreras and Arnold had notarized Exhibits 2 and 3 with the knowledge that Exhibits 2 and 3 would be filed into the public records.

61.    Specifically, Plaintiffs allege that defendants, intending for the document, which contained materially false, fictitious and fraudulent statements to be filed into the official record, and thereby effected Plaintiff's interest in his property §817.535(a)(2) gives Plaintiffs a cause of action "without regard to whether or not criminal charges are pursued".

62.    Plaintiffs allege that they only recently learned of the lien placed on their property, the illegal nature of the documents, and they have had to incur financial losses as a result of the instruments being recorded in the official record, in the nature of court costs, attorneys fees, and was unable to correct the problem of such recording in the official records, resulting in the loss of their real property.  (Fla. Stat. Ann.§ 817.535 (West)).

63.    Plaintiffs allege a violation of F.S.A. §817.54, which holds that "Any person who, with intent to defraud, obtains any mortgage, mortgage note, promissory note or other instrument evidencing a debt from any person or obtains the signature of any person to any mortgage, mortgage note, promissory note or other instrument evidencing a debt by

color or aid of fraudulent or false representation or pretenses, or obtains the signature of any person to a mortgage, mortgage note, promissory note, or other instrument evidencing a debt, the false making whereof would be punishable as forgery..."

64.    As a direct and proximate cause of defendants actions/inactions, violating F.S.A. §§ 817.535, and 817.54, Plaintiffs have been harmed and lost their home, Plaintiffs have suffered actual damages, and suffered injuries.

WHEREFORE, Plaintiff prays for the relief shown in his Final Prayer for Relief.

<u>SECOND CLAIM FOR RELIEF</u>
<u>CONSPIRACY TO VIOLATE, AND VIOLATIONS OF F.S.A. §§ 831.01, 831.06</u>
<u>(Against All Defendants)</u>

65.    Plaintiffs incorporate ¶¶ as if fully restated herein.

66.    Due to investigations, research, and audits, Plaintiffs are informed and believe, and they therefore allege that all defendants conspired to violate and violated F.S.A. §§ 831.01, 831.06.

67.    More specifically, because Exhibits 2, 3, 5, and 7 are recorded into the public record, with Doyel and Adams having forged their position of employment, and Contreras and Arnold having notarized Exhibits 2, 3, 5, and 7 with actual knowledge that it is to be recorded as public record, with the intent to either defraud or injure Plaintiffs, the defendants violated §831.01.

68.    More specifically

a)    the May 2010 Assignment was presented for recordation by the infamous David Stern [Ex.1], Foreclosure Kingpin;

19

b)  the 2010 Assignment was signed by Doyel who falsified her title when claiming to be VP of MERS when she clearly was not [Ex.2], she was Compliance Manager for PFGA;.

c)  Affidavit by Karen Corkins, as Vice President of PFGL, with no date on the Affidavit, but an acknowledgment showing May 30, 2013, allegedly notarized in CA, by S. Contreras, with an obviously forged signature of "D C" [Ex.5];

d)  the next Assignment was recorded on December 09, 2016, purporting to assign to US Bank, N.A. as Trustee for Residential Funding Mortgage Securities I, Inc; signed by Derek Adams as Assistant Vice President of PFGL Loans, Inc [Ex.3], Adams was actually Default Manager at PFGA at that time [Ex.3];

e)  that same day of December 08, 2016, an Acknowledgment was Notarized by Katlyn E Arnold, who swore that Derek Adams was Assistant Vice President (when he was not) and had appeared before her to acknowledge his signature on the Assignment. [Ex.4];

f)  the notarization date for the Verified Foreclosure Complaint shows it was notarized 12/22/2015 *EXHIBIT 7*, yet the document did not exist until 2016;

g)  Plaintiffs allege that these fictional, forged, falsified, manipulated documents were recorded into Orange County Florida Official Records, by, or at the direction of one or more of the defendants.

69.  Plaintiffs allege that the Provident entities (Provident Funding Associates, PFG Loans, Inc., US Bank NA, as Trustee, and their named employees, notaries, and attorneys) having had the Assignments and Affidavits created, Exhibits 2, 3, 5, and 7 when they had no interest in the property or the loan, shows an intent to deceive, harm, and defraud the Plaintiffs and deprive them of their home.

70.  Plaintiffs, after research, audits, investigations learned and therefore allege that because US Bank did not have the Note and Mortgage yet filed the Verified Foreclosure

Complaint, and filed a Lost Note Affidavit, after four (4) years, finally had the Corkin Affidavit created, falsely notarized, and suddenly came up with a fictional Note.

71.     US Bank had realized that the case might go on forever, so Plaintiffs allege that US Bank created the necessary documents to unlock the civil action and be awarded foreclosure.

72.     Plaintiffs allege that recordation of the fictional, forged, falsified, manipulated documents, that were recorded into Orange County Florida Official Records, by or at the demand of one or more defendants, were meant to affect the property ownership of the defendants, were meant to deprive Plaintiffs of their real property

73.     Plaintiffs allege that recordation of the fictional, forged, falsified, manipulated documents, that were recorded into Orange County Florida Official Records, by or at the demand of one or more defendants, were meant to harm, injure, and harass the Plaintiffs, because US Bank lacked the legal documents to show an unbroken chain of title, and Plaintiffs had the nerve to keep the foreclosure action going for so long.

74.     Plaintiffs further allege that Doyel and Adams, having forged their positions as Vice Presidents, their signatures purport to be signatures of an officer or agent of a corporation, and Exhibit 2, 3 are alleged to be evidence of a debt, and Exhibits 2 and 3 having been intended to pass the same as true, "it shall be deemed a forgery" (F.S.A. §831.06).

75.     The attached evidence shows employees of PFGL and PFGA, alleged MERS employees, and several notaries falsified their titles, their positions, their employers, and notaries were either forged, their titles falsified, and/or they violated their oath of office.

21

76.:    Plaintiffs contend that Exhibits 2, 3, 5, and 7 could not have been recorded into the

public record, without being duly notarized or attested, and therefore and thereby, as a

direct and proximate cause of all defendants actions/inactions, Plaintiffs have been

harmed in the loss of their home, Plaintiffs have been injured, and Plaintiffs have been

made to  suffered damages.

WHEREFORE Plaintiff prays for the relief shown in the Final Prayer for Relief.

THIRD CLAIM FOR RELIEF
NOTARY NEGLIGENCE
(Against S. Contreras and Kaitlyn E. Arnold)

77.    Plaintiffs are informed and believe, therefore alleges that Defendant Contreras,

acting in an official capacity as Notary Public for the State of California, negligently, and

as their part in a conspiracy, attempted to give Exhibit 2 legitimacy when they notarized

Exhibit 2.

78.    More specifically, Contreras was negligent because, pursuant to F.S.A. §117.05(4)

"When notarizing a signature, a notary public shall complete a jurat or notarial certificate

.... The jurat or certificate of acknowledgment shall contain the following elements", then

lists (a) through (i).

79.    Further, Contreras was negligent because, pursuant to CA law, because of

violations of Cal. Gov. Code § 8214.2, which sates: § 8214.2. Fraud relating to deed of

trust; single-family residence; felony

> (a) A notary public who knowingly and willfully with intent to defraud
> performs any notarial act in relation to a deed of trust on real property
> consisting of a single-family residence containing not more than four
> dwelling units, with knowledge that the deed of trust contains any false
> statements or is forged, in whole or in part, is guilty of a felony.

22

(b) The penalty provided by this section is not an exclusive remedy and does not affect any other relief or remedy provided by law.

80. Plaintiffs are informed and believe, therefore alleges that Defendant Arnold, acting in her official capacity as Notary Public for the State of Illinois, negligently, and as her part in a conspiracy, attempted to give Exhibit 3 legitimacy when she notarized Exhibit 3.

81. More specifically, Arnold was negligent because, pursuant to F.S.A. §117.05(4) "When notarizing a signature, a notary public *shall* complete a jurat or notarial certificate .... The jurat or certificate of acknowledgment shall contain the following elements", then lists (a) through (i).

82. Further, Arnold was negligent because of 5 ILCS 312/6-104, pursuant to IL law.

83. "The distinction between *'may'* and '*shall*' has often been discussed in Florida cases. The word 'may' when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word '*shall*.'" *The Florida Bar v. Trazenfeld*, 833 So.2d 734, 738 (Fla.2002). *Shands Teaching Hosp. & Clinics, Inc. v. Sidky,* 936 So. 2d 715, 721 (Fla. Dist. Ct. App. 2006).

84. Negligence is further specifically shown by Exhibits 2 and 3, lack of being "sworn" or "acknowledged"; §117.05(4)(b) requires that the "type of notarial act performed, an oath or acknowledgment, evidenced by the words 'sworn' or 'acknowledgment'" which is required in both CA and IL as well.

85. There is nothing to indicate that the signers of Exhibits 2 and 3 "personally appeared before the notary public at the time of the notarization". (§117.05(4)(c)), which is required in both CA and IL as well.

86.     Both Arnold and Contreras were negligent in that they failed to certify on Exhibit 2 and Exhibit 3 that either of the notaries had "satisfactory evidence, that the person whose signature" was notarized, "is the individual who is described in and who is executing the instrument.   A notary public shall certify...the type of identification, either based on personal knowledge or other form of identification, upon which the notary public is relying" (§117.05(5)).

87.     Plaintiffs allege that Defendants Arnold and Contreras were negligent in that the documents themselves, and the positions of the entities whose signatures executed Exhibits 2 and 3 were not signed under oath, but only gives the appearance of having been "sworn".

88.     As a direct and proximate cause of Contreras and Arnold's negligent actions/inactions, Plaintiffs have been harmed in that the Court granted US Bank a foreclosure and Plaintiffs loss of their home.   Plaintiffs have been injured, and suffered actual damages.

        WHEREFORE, Plaintiff prays for the relief shown in his final prayer for relief.

### FOURTH CLAIM FOR RELIEF
### LACK OF STANDING AND WRONGFUL FORECLOSURE
### Against US Bank)

89.     Plaintiffs allege that they contacted US Bank numerous times about any default they were alleging; the response was always the same "Unfortunately, we are not able to cross-reference the information on the enclosed note and letter with a mortgage loan on our servicing system" *EXHIBIT 8*.

90.     The letter was signed by Anita Clark-Supervisor for Payoff with US Bank.

24

91.    US Bank filed the foreclosure action as Plaintiff  "US Bank National Association (As Trustee for Residential Funding Mortgage Securities I, Inc, Mortgage Pass-Through Certificates Series 2007-SA2)".

92.    The auditor did not find Plaintiffs' loan located within the Trust that US Bank claimed the loan had been sold into; the auditor will be Plaintiffs' expert witness at trial.

93.    Plaintiff is informed and believes and thereupon alleges, that the Default granted by the Court, in its private administrative process is in error, because the consumer was never properly served.

94.    The jurisdiction of the court was challenged and placed under jurisdiction of the Florida Supreme Court through Writ of Mandamus at the time default was issued.

95.    The default was invalid and void.

96.    The judgment issued by the court is a void judgment, because the court lacked jurisdiction to hear or move on the foreclosure.

97.    US Bank as Trustee of the RFMSI I 2007-SA2 Trust does not exist.

98.    There is no RFMS  2007-2 Trust in existence under the REMIC laws of 26 USC 860 D-I.

99.    The Verified Foreclosure Complaint was written and filed by David J Stern.

100.    Further, the notarized date on the Verification for Foreclosure took place 12/22/2015, yet the document did not exist until 2016.

101.    US Bank failed to perfect a security interest in the real property collateral, and is not/was not a real party in interest to the Mortgage.

102.    Only through a fraud upon the Court, was US Bank able to obtain the Order

25

Granting Foreclosure, by the Affidavit of Corkin [Ex.5].

103.   Plaintiffs have been put into the position of having the true holder of the note to come to foreclose upon them  in the future, subjecting Plaintiffs to double jeopardy.

104.   Plaintiffs have been harmed and injured through US Bank's fraud upon the Court committed for the sole purpose of foreclosing upon property that they had no interest in.

105.   Plaintiffs have suffered through the loss of their home, and US Bank will auction the property and have Plaintiffs wrongfully evicted through the use of falsified, fabricated and forged documents

WHEREFORE, Plaintiffs pray for the relief shown in their Final Prayer for Relief.

<u>JURY TRIAL DEMAND</u>

<u>FINAL PRAYER FOR RELIEF</u>

Plaintiffs pray that this Court will call a jury for all questions of fact; that the court will find in favor of the Plaintiffs for all claims for relief:

a)   For the First Claim for Relief:  Conspiracy to violate and violations of F.S.A. §§ 817.535, 817.54 that the Court find that defendants violated F.S.A. §§ 817.535, 817.54 and award Plaintiffs statutory damages, general damages, punitive damages, and any other kinds of damages that Plaintiffs are not aware exist or any other type of damages that Plaintiffs are entitled to;

b)   For the Second Claim for Relief:  Conspiracy to violate and violations of F.S.A. §§ 831.01, 831.06, that the Court find that defendants violated F.S.A. §§ 831.01, 831.06, and award Plaintiffs statutory damages, general damages, punitive

damages, and any other kinds of damages that Plaintiffs are not aware exist or any other type of damages that Plaintiffs are entitled to;

c)   For the Third Claim for Relief:   Notary Negligence, that the Court finds the Notaries have acted negligently, and with the intent of harm to Plaintiffs, and award Plaintiffs statutory damages, general damages, punitive damages, and any other kinds of damages that Plaintiffs are not aware exist or any other type of damages that Plaintiffs are entitled to;

d)   For the Fourth Claim for Relief:   Lack of Standing/Wrongful Foreclosure, that the Court will declare that US Bank, through the use of the other defendants committed a fraud upon the Court, and that the lack of proper service upon Plaintiffs resulted in a void judgment by the foreclosure court, and that this Court make such declarations and grant whatever other relief is available to Plaintiffs,

e)   That the court grants whatever relief that Plaintiffs are unaware of, and that the Court feels is fair and just.

Respectfully submitted, this 23rd day of August, 2019,

Lydia H. Crayton

Andrae Crayton

706 Gentry Court
Gotha, FL  34734
(407) 394-8566
docstomanage@gmail.com

27

DECLARATION

I, Plaintiff Lydia H. Crayton, and I, Andrae Crayton state that I am over the age of twenty-one and competent to testify in all matter, this complaint comes from first-hand knowledge, I have prepared, and reviewed this Complaint for accuracy and all statements made herein are true and correct to the best of my knowledge and belief. If called upon to testify in Court, I will testify exactly as I have herein,

_____                    _____
Lydia H. Crayton                                           Andrae Crayton

CERTIFICATE OF SERVICE

I hereby Certify, that I have, this 23rd day of August, 2019, served a true and correct copy of the foregoing Complaint, upon existing defendants, through their attorneys on file, as shown below, by depositing with USPS, First Class Mail, with proper postage, and the added defendants will be formally served to bring them into the case.

Jarrett Cooper
ROBERTSON, ANSCHUTZ
& SCHNEID, P.L.
6409 Congress Ave., Suite 100
Boca Raton, GL  33487
Fax:  (561) 997-6909
Email:  jcooper@rasflaw.com
(*For US Bank*)

_____
Lydia H. Crayton

28

## INDEX OF EXHIBITS

EXHIBIT 0:   The Mortgage

EXHIBIT 1:   David Stern Information

EXHIBIT 2:   Assignment Signed by Kimberly Doyel; Notary S. Contreras

EXHIBIT 3:   Assignment signed by Derek Adams; Notary Arnold

EXHIBIT 4:   Acknowledgment Kaitlyn Arnold

EXHIBIT 5:   Corkin Affidavit

EXHIBIT 6:   US Bank Brochure

EXHIBIT 7:    Verified Foreclosure Complaint

EXHIBIT 8:   Letter from US Bank

EXHIBIT 9:   Recorded Lis Pendens