**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LYDIA H. CRAYTON and ANDRAE CRAYTON,**

      **Plaintiffs,**

v.                                   Case No:   6:19-cv-1201-Orl-40EJK

**U.S. BANK NATIONAL ASSOCIATION, PFG LOANS, INC., PROVIDENT FUNDING ASSOCIATES, L.P., KIM DOYEL, DEREK ADAMS, S. CONTRERAS and KAITLYN E. ARNOLD,**

      **Defendants.**
_____/

**ORDER TO SHOW CAUSE**

This matter comes before the Court *sua sponte*. On August 27, 2019, Plaintiffs, proceeding *pro se*, filed an Amended Complaint alleging various state law causes of action. (Doc. 17.)[1] Plaintiffs assert that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 9.)

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants. *Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978). In order to achieve "complete diversity," no party plaintiff may be a citizen of the same state as any of the defendants. *Id.* "The burden of

---

[1] On September 30, 2019, the Court vacated its prior order striking the filing of Plaintiffs' Amended Complaint (Doc. 17). (Doc. 28.)

pleading diversity of citizenship is upon the party invoking federal jurisdiction . . . ." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[2]

Plaintiffs have failed to meet that burden in the Amended Complaint because they have not properly alleged the citizenship of each party to this action. Plaintiffs allege that they "owned and lived at 706 Gentry Court, Gotha, FL 34734." (Doc. 17, ¶ 1). Plaintiffs also name various individual Defendants—Kim Doyel, Derek Adams, S. Contreras, and Kaitlyn E. Arnold. As to each of these Defendants, Plaintiffs have alleged residence or where each can be served with process. (*Id.*¶¶ 5–8).

But residency alone is not enough to establish a person's citizenship for diversity purposes. An individual's citizenship is determined not by residence, but by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Thus, either an individual's domicile or citizenship must be specifically alleged. The Amended Complaint falls short in this regard.

Plaintiffs also name several entity Defendants—US Bank, National Association; PFG Loans, Inc.; and Provident Funding Associated, L.P. (Doc. 17.) A corporation's citizenship is determined by its state of incorporation *and* the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Here, Plaintiffs have alleged only that PFG Loans, Inc.'s principal place of business is in California; however, the Amended Complaint is silent as to PFG Loans, Inc.'s state of incorporation. (Doc. 17, ¶ 3.) Finally, "a limited partnership is a citizen of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

each state in which any of its partners, limited or general, are citizens." *Rolling Greens, MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (per curiam). As to Provident Funding Association, L.P., Plaintiffs have failed to allege the citizenship of each of its partners. (*Id.* ¶ 4.) Thus, at this juncture, the Court cannot tell whether it has subject matter jurisdiction over this matter.

Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE** by **October 14, 2019** why this case should not be dismissed for lack of subject matter jurisdiction. The response must identify the citizenship for each party to the action at the time the action was filed. **Failure to respond to this Order within the time required or failure to establish that diversity jurisdiction exists may result in dismissal of this case without further notice.**

**DONE** and **ORDERED** in Orlando, Florida on September 30, 2019.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties